IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joy Pivec,<br><br>        Plaintiff,<br><br>v.<br><br>Hubbard Radio Washington DC, LLC<br>d/b/a WTOP Radio,<br><br>        Defendant. | Civil Action No. 1:18-cv-00097-RC |

**DEFENDANT'S ANSWER TO COMPLAINT**
**[AND AFFIRMATIVE DEFENSES TO THE COMPLAINT]**

Defendant Hubbard Radio Washington DC, LLC d/b/a WTOP Radio ("WTOP" or "Defendant"), by and through its undersigned counsel, hereby answers and responds to the Complaint filed by Plaintiff Joy Pivec ("Plaintiff"). Responding to the specific numbered paragraphs in the Complaint, and using the same headings and paragraph numbers therein, WTOP answers as set forth below. Any allegation not expressly admitted below is denied.

**JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 1, except that it admits that Plaintiff purports to bring this action pursuant to the provision cited therein.

2. The allegations in Paragraph 2 contain conclusions of law to which no response is required. WTOP denies that Plaintiff is entitled to any relief at all.

1

## PARTIES

3. WTOP admits that Plaintiff is an adult woman and that WTOP has employed Plaintiff in the District of Columbia since February 2, 2017. WTOP lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's citizenship and residence, except that WTOP avers, on information and belief, that Plaintiff is a resident of Maryland.

4. WTOP admits that it is a Delaware limited liability company licensed to transact business in Washington, D.C. The allegations of Paragraph 4 that WTOP was an employer and Plaintiff was an employee within the meaning of the HRA are conclusions of law to which no response is required. To the extent Paragraph 4 purports to quote a document, the document speaks for itself.

5. The allegations in Paragraph 5 contain conclusions of law to which no response is required. To the extent any response is required, WTOP denies the allegations in Paragraph 5.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. WTOP admits that Plaintiff began working at WTOP and, upon information and belief, admits that Plaintiff worked as a reporter in another metropolitan market prior to working at WTOP. Except as expressly stated herein, WTOP denies the allegations contained in Paragraph 6 of the Complaint.

7. WTOP denies the allegations contained in Paragraph 7 of the Complaint.

8. WTOP denies the allegations contained in Paragraph 8 of the Complaint.

9. WTOP admits that Plaintiff reported certain alleged incidents, and that an employee to whom Plaintiff referred continues to be employed by WTOP. Except as expressly stated herein, WTOP denies the allegations contained in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 10.

11. WTOP admits that Plaintiff trained in-studio during portions of the first several weeks of her employment; that Plaintiff was assigned to train with WTOP employee Jerry Booth for some training; that Plaintiff's supervisor was Jim Battagliese, who at the time was WTOP's Director of Traffic and Weather Operations; that Plaintiff later trained on a few occasions with Rob Woodfork, a WTOP reporter; and that Plaintiff had approximately three mobile trainings with Woodfork during which they drove in a WTOP Jeep. WTOP lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's "determin[ation] to make the best of this situation, so that she could learn how to be an on-air reporter and succeed in her career at WTOP," and therefore denies these allegations. WTOP denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. WTOP lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's "hopes of a professional working relationship with Woodfork" and whether her "hopes" "were shattered," and therefore denies these allegations. WTOP denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. WTOP denies the allegations contained in Paragraph 13 and its subparagraphs of the Complaint.

14. WTOP lacks sufficient knowledge to either admit or deny the allegations that "Plaintiff was extremely uncomfortable with the idea of driving Woodfork to his apartment," that she "knew Woodfork's car was at WTOP in Northwest, Washington, D.C. and believed that Woodfork was attempting to coerce her into having sex with him at his apartment," and that she was "petrified, near tears, and wanted desperately to go home," and therefore denies these allegations. WTOP denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. WTOP denies the allegations contained in Paragraph 15 of the Complaint.

16. WTOP denies the allegations contained in Paragraph 16 of the Complaint.

17. WTOP denies the allegations contained in Paragraph 17 of the Complaint.

18. WTOP denies the allegations contained in Paragraph 18 of the Complaint.

19. WTOP denies the allegations contained in Paragraph 19 of the Complaint.

20. WTOP admits that Plaintiff made a statement to Battagliese about Woodfork without providing substantial information. WTOP lacks sufficient knowledge to either admit or deny the allegations regarding whether "Pivec was not comfortable disclosing more" or what she believed with respect to Battagliese and Woodfork's relationship, and therefore denies these allegations. WTOP denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. WTOP admits that Plaintiff made a statement about Woodfork to Sue Rushkowski and that Woodfork remains employed at WTOP. Except as expressly stated herein, WTOP denies the allegations contained in Paragraph 21 of the Complaint.

22. WTOP denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations in Paragraph 23.

## COUNT I

### DISCRIMINATION IN VIOLATION OF THE
### DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

24. In response to Paragraph 24 of the Complaint, WTOP states that its responses to the allegations in Paragraphs 1 through 23 are incorporated herein as if fully set forth.

25. The allegations in Paragraph 25 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 25.

26. The allegations in Paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 26.

27. The allegations in Paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 27.

28. The allegations in Paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 28.

29. The allegations in Paragraph 29 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 29.

30. The allegations in Paragraph 30 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 30.

## COUNT II

### WRONGFUL RETENTION, TRAINING AND/OR SUPERVISION

31. In response to Paragraph 31 of the Complaint, WTOP states that its responses to the allegations in Paragraphs 1 through 30 are incorporated herein as if fully set forth.

32. The allegations in Paragraph 32 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 32.

33. WTOP denies the allegations contained in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 34.

35. The allegations in Paragraph 35 contain conclusions of law to which no response is required. To the extent a response is required, WTOP denies the allegations of Paragraph 35.

### PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, WTOP denies, generally and specifically, that Plaintiff has been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of WTOP or any partner, agent, or employee of WTOP. WTOP further

denies, generally and specifically, that the elements of relief sought are available to Plaintiff on the particular claims alleged.

## AFFIRMATIVE AND OTHER DEFENSES

WTOP denies each and every allegation in the Complaint, whether express or implied, that WTOP has not unequivocally and expressly admitted in the Answer. By way of further answer, WTOP asserts the following additional defenses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, release, and/or unclean hands.

## THIRD DEFENSE

WTOP is not liable with respect to any and/or all of Plaintiff's claims because she suffered no adverse employment action.

## FOURTH DEFENSE

Plaintiff's claim for sexual harassment is barred because the conduct alleged by Plaintiff was not severe or pervasive, was not objectively or subjectively hostile, abusive, or offensive, and was not unwelcome.

## FIFTH DEFENSE

Plaintiff's claim for sexual harassment is barred because there were no threats or promises made to Plaintiff that linked tangible benefits to the acceptance or rejection of sexual advances, and WTOP did not take any adverse employment action against Plaintiff as a result of Plaintiff's failure to comply with any alleged unwelcome sexual conduct.

**SIXTH DEFENSE**

Any alleged harassing conduct by WTOP's employee(s), which WTOP expressly denies, was not by a supervisor or anybody who was in a position to take tangible employment action against Plaintiff.

**SEVENTH DEFENSE**

WTOP has taken reasonable care to prevent sexual harassment and remedied promptly any incidents of alleged sexual harassment brought to WTOP's attention. Further, WTOP has policies banning sexual harassment in the workplace and providing a reasonable and available procedure for handling complaints thereof, which provide for prompt and effective responsive action.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by WTOP, or otherwise failed to exercise reasonable care to avoid harm.

**NINTH DEFENSE**

Any alleged harassing conduct by WTOP's employee(s), which WTOP expressly denies, (1) was outside the course and scope of those employees' employment; (2) was not condoned by WTOP; and (3) was undertaken without the knowledge or consent of WTOP.

**TENTH DEFENSE**

If Plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint, which WTOP expressly denies, the loss, injury, damage or detriment was caused and contributed to by Plaintiff's own actions and failures to act in that she did not exercise ordinary care on her own behalf, and Plaintiff's own actions and omissions proximately caused and contributed to the

loss, injury, damage or detriment alleged by Plaintiff, and Plaintiff's recovery from WTOP, if any, should be barred as a result.

## ELEVENTH DEFENSE

There is no causal relation between the alleged acts of WTOP and any injury or damage allegedly suffered by Plaintiff, the existence of which WTOP expressly denies.

## TWELFTH DEFENSE

Plaintiff failed to comply with her duty to mitigate alleged losses (her entitlement to recovery of which is expressly denied); alternatively, any claims for relief for lost earnings and/or benefits must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any tangible employment action. Plaintiff remains employed by WTOP and in fact received a year-end bonus for 2017. To the extent Plaintiff claims that she is no longer employed by WTOP, Plaintiff either abandoned her employment with WTOP or resigned voluntarily without any reasonable basis to resign.

## FOURTEENTH DEFENSE

Plaintiff's claims for injunctive, declaratory, and other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because any imposition of punitive damages under any of the claims would violate the due process clause and the Fifth and Eighth Amendments to the United States Constitution.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to recover any punitive or exemplary damages and any such allegations should be stricken because Plaintiff has failed to plead facts sufficient to support allegations of willful, malicious, or reckless behavior, and WTOP did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act, and WTOP engaged in good faith efforts to comply with all laws prohibiting discrimination and harassment in employment.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred because any recovery from WTOP would result in unjust enrichment.

**EIGHTEENTH DEFENSE**

The entitlement to any relief which otherwise may be held by the Court or the jury to be due in this case to Plaintiff is limited by the after-acquired evidence doctrine.

**NINETEENTH DEFENSE**

Plaintiff's claims for alleged emotional distress damages are barred by the workers' compensation exclusivity rule.

**RESERVATION OF RIGHTS**

WTOP has not knowingly or intentionally waived any applicable defenses, and WTOP reserves the right to assert and rely upon other applicable defenses that may appear and prove applicable during the course of this litigation. WTOP reserves the right to amend or seek its answer and/or defenses.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, WTOP prays for judgment as follows:

1. Judgment be entered in favor of WTOP and against Plaintiff;

2. The Complaint be dismissed with prejudice;

     3.      WTOP recover from Plaintiff its costs, reasonable attorneys' fees and other expenses of this litigation; and

     4.      WTOP be awarded such other further relief as the Court deems just and proper.

DATED: January 29, 2018         PAUL HASTINGS LLP

By:   /s/ Barbara B. Brown
Barbara B. Brown, Bar No. 355420
Kenneth M. Willner, Bar No. 415906
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
barbarabrown@paulhastings.com
kenwillner@paulhastings.com

Attorneys for Defendant
HUBBARD RADIO WASHINGTON DC, LLC
d/b/a WTOP Radio