# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY PIVEC, <br><br> Plaintiff, <br><br> v. <br><br> HUBBARD RADIO WASHINGTON DC, LLC d/b/a WTOP Radio, <br><br> Defendant. | Civil Action No. 1:18-cv-00097-RC |

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

Plaintiff Joy Pivec ("Plaintiff") and Defendant Hubbard Radio Washington DC, LLC d/b/a WTOP Radio ("Defendant" or "WTOP") (collectively, the "Parties"), by and through their counsel of record, hereby stipulate and agree that the Parties shall follow the procedures set forth below with respect to information, documents or things produced or otherwise disclosed in this litigation.

1. Definitions:

    (a) Protected Information: As used herein, "Protected Information" shall mean any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as set forth below.

    (b) Confidential Information: As used herein, "Confidential Information" shall mean any information, document, data, testimony, or other thing furnished in the course of this litigation that incorporates proprietary data or sensitive information or confidential or private information concerning parties, witnesses, current or former employees of Defendant, or persons not party to this action, including but not limited to personnel information. "Confidential Information" must be designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term shall include information, documents, testimony or other things in the possession, custody or control of a party, or obtained by any party from a third party via

subpoena, deposition or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings. "Confidential Information" does not include information that has not been kept confidential or that has been publicly disclosed in a lawful and not inadvertent manner and not in violation of any protective order.

(c)     <u>Attorneys' Eyes Only Information</u>: Any confidential document or testimonial information produced by any party which contains private, confidential or sensitive information that is identifiable to Plaintiff, Defendant, employees or former employees of Defendant, or other witnesses, may be designated in writing as "ATTORNEYS' EYES ONLY." Designation of information as "ATTORNEYS' EYES ONLY" means that the information is also designated as "CONFIDENTIAL."

Information, documents or things produced or otherwise disclosed in this litigation, regardless of whether they are designated as Protected Information, can only be used for this litigation and not for other purposes.

2.     <u>Marking of Protected Information</u>:

(a)     <u>Designation</u>: Any party may designate information as Protected Information if that party has in good faith determined that the information meets the criteria set forth in Section 1 above.

(b)     <u>Marking</u>: Documents, information, or tangible items shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

(1)     In the case of documents or tangible items and the information contained therein that are produced by any party, designation shall be made by placing on each page of the document, or on the tangible item, with a visible mark, the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. Documents shall be so designated by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document. Documents and tangible items shall be

designated and marked prior to, or contemporaneously with, the production or disclosure of the documents or tangible items.

(2) In the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by placing on the pages containing the Protected Information the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(3) In the case of electronic data, native format electronic files or other electronic files (excluding pdf or tiff images), designation shall be made by marking the media or transmittal message by which the files are produced CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. If the files within the production are subject to different designations, the producing party shall also provide in writing a description of individual file designations. The party receiving such electronic files shall be responsible for ensuring that Protected Information so designated is handled in accordance with the terms and conditions of this Protective Order. In the event a receiving party generates any hard copy reproduction of electronic files containing Protected Information, the receiving party shall mark such hard copies with the appropriate legend as set forth in Section 2(b)(1) above and treat such hard copies accordingly.

(4) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL and ATTORNEYS' EYES ONLY and inspected only by counsel, their staff, and service providers retained by counsel to photocopy or image documents or evidence, except as otherwise limited herein. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY the copies of such documents as may contain Protected Information at the time the copies are produced to the inspecting party.

(c) <u>Unmarked Documents to be Produced for Use at Trial</u>: Subject to the Federal Rules of Evidence, Protected Information may be offered in evidence at trial, deposition, court hearing, or in connection with any motion, response or other pleading filed with the court,

but only under the terms of this Protective Order. In advance of a jury trial or any proceeding to be held before a jury, if a document has been listed by any party for use as a trial exhibit, and the party who wishes to use the document in question lists it on their pretrial exhibit list or otherwise provides reasonable advance written notice of its intent to use the document, the party that has produced that document will provide a copy of the document that does not have a written designation on it that it is CONFIDENTIAL or ATTORNEYS' EYES ONLY. The production of that copy or use of it at trial will not affect or alter the status of the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY or otherwise amend or alter any of the other provisions of this Protective Order. At trial, the Court will determine the extent to which the trial exhibit and trial testimony concerning it will be treated as confidential.

    3.    Right of Access to Designated Information:

        (a)    CONFIDENTIAL Information: Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court and Court personnel; court reporters and videographers of sworn proceedings during which the information is disclosed; the parties' counsel of record; Defendant's in-house counsel or otherwise specifically identified counsel for Defendant; associate attorneys and paralegal and clerical employees assisting any of these counsel; Defendant and its officers and directors; Defendant's employees, but, with respect to Confidential Information produced by Plaintiff, only to the extent to which disclosure to them is reasonably necessary to evaluate and defend against the claims in this case; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection (e) below: (i) Plaintiff with respect to Confidential Information produced by Defendant, but only to the extent to which disclosure to her is reasonably necessary to evaluate and defend against the claims in this case; (ii) consultants or experts retained by the parties to consult or testify in the case; (iii) service providers retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (iv) any person that a document, on its face, indicates has previously seen, or has

been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (v) witnesses and prospective witnesses, but only to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation.

(b) <u>ATTORNEYS' EYES ONLY Information</u>: Disclosure of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court and Court personnel; court reporters and videographers of sworn proceedings during which the information is disclosed; the parties' counsel of record; Defendant's in-house counsel or otherwise specifically identified counsel for Defendant; and associate attorneys and paralegal and clerical employees assisting any of these counsel (specifically excluding Plaintiff and her family members without prior written permission of Defendant); and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection (e) below: (i) consultants or experts retained by the parties to consult or testify in the case; (ii) service providers retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; and (iii) deponents or witnesses as set forth in subsection (f) below. Notwithstanding the above, Plaintiff's counsel may share with Plaintiff information that has been designated ATTORNEYS' EYES ONLY that relates directly, specifically, and solely to Plaintiff (e.g., Plaintiff's personnel file or individual salary records).

(c) <u>Experts/Consultants</u>: Disclosure of Protected Information to any expert or consultant or other service provider assisting counsel shall be limited to that Protected Information necessary for the consultation work or preparation to testify. Additionally, any such expert or consultant or other service provider assisting counsel, or employees of all such individuals, shall have first executed a declaration in the form of the declaration attached hereto as Appendix A agreeing to be bound by the terms of this Protective Order.

(d) <u>Prohibition Against Disclosure to Unauthorized Persons</u>: With respect to all documents, information, or tangible items produced or furnished by a party during this

litigation which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, summarized for or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

(e) Requirement to Obtain a Written Declaration: Before disclosure of any Protected Information subject to this Protective Order is made to anyone who is required to execute the requisite declaration, as set forth in Sections 3(a), (b) and (c) above, counsel for the party disclosing the information shall obtain a written declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with and be bound by this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. Signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

(f) Use of Designated Information of Depositions, Pretrial and Trial Proceedings: Testimony taken at a deposition, hearing, or other proceeding may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the designating party identifying on the record, before the close of the deposition, hearing, or other proceeding, all protected disclosures and further specifying any portions of the testimony that qualify as CONFIDENTIAL or ATTORNEYS' EYES ONLY. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the designating party may invoke on the record, before the conclusion of the deposition, hearing, or other proceeding, a right to have up to twenty-one (21) days to review the transcript and identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (*i.e.*, CONFIDENTIAL

or ATTORNEYS' EYES ONLY). Arrangements shall be made with the court reporter taking and transcribing such deposition, hearing, or other proceeding to separately bind such portions of the transcript containing the designated information and to label such portions with the appropriate legend of CONFIDENTIAL or ATTORNEYS' EYES ONLY as instructed by the designating party.

A deponent or witness providing testimony during a deposition or proceeding may see any document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY subject to opposing counsel's right to first review the document and object that the deponent or witness is not within the category of persons entitled to see the type of information contained in the document. The objecting party may either note the objection for the record or recess the deposition so that the matter can be brought to the Court for determination.

(g)  Exclusion of Individuals From Depositions: Counsel for a designating party shall have the right to exclude from oral depositions any person not authorized to access CONFIDENTIAL or ATTORNEYS' EYES ONLY information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the designating party.

4.  Inadvertent Production: If, through inadvertence, a producing party provides any Protected Information without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the producing party may, at any time, inform the receiving party or parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party or parties shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order. To the extent the receiving party or parties has or have already disclosed this information, the receiving party or parties shall promptly take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS' EYES ONLY information, they are otherwise entitled to disclosure under this Protective Order. Inadvertent or unintentional disclosure of Protected Information shall not be deemed a waiver of a party's claim

of confidentiality. In the event a party produces two or more identical copies of a document or other material, and any copy is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, while other copies are not so designated, all such identical documents or other materials shall be treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, respectively, but only to the extent the receiving party becomes aware that such identical documents are designated differently.

5. <u>Disclosure Contrary to this Agreement</u>: If Protected Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information, and shall take all reasonable steps to remove such information from said recipients.

6. <u>Disclosure Must Conform to this Agreement</u>: No person or party shall directly or indirectly utilize or disclose any Protected Information, except for the purpose of the above-captioned action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Protective Order.

7. <u>Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Information Under Seal</u>: A party shall not file in the public record in this action documents or materials that comprise or contain Protected Information without prior written permission from the designating party or an Order of the Court secured after appropriate notice to all interested parties. A party seeking to file Protected Information under seal must comply with Local Rule 5.1(h).

8. <u>Acceptance of a Designated or Non-Designated Document Does Not Constitute Agreement with Its Designation or Non-Designation</u>: Acceptance or receipt by a party or parties of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the information, document or thing is properly so designated or not designated. Any party may contest a

designation that a document is CONFIDENTIAL or ATTORNEYS' EYES ONLY information (or a non-designation). If the receiving party or parties disagree with the designation or non-designation by any producing party of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall first try to resolve such disputes on an informal basis. In the event of a good faith attempt to resolve differences as to the designation but an inability to agree, the party or parties opposing the designation or non-designation may present such dispute to the Court by motion or otherwise within thirty (30) days after the designation or non-designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality. Notwithstanding the designation or non-designation of any material as Protected Information, the parties reserve their right to seek immediate relief regarding material that they believe was illegally obtained, including but not limited to the return of the material and/or damages for misappropriation or unauthorized use. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. Third-Party Protected Information: Within thirty (30) days after receipt of a disclosure from any third party, any party may designate such disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order.

10. Use of Own Information Allowed: Nothing in this Protective Order shall prevent any designating party from disclosing or using, in any manner or for any purpose, information or documents that originate from that party's own files or obtained by that party from that party's own consultants or service providers that the party itself has designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

11. Other Objections Preserved: This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality. This order is intended to facilitate efficient litigation between the parties and is not intended to alter resolution of any substantive issues or to affect the parties' substantive rights.

12. <u>Right to Seek or Agree to Other Orders</u>: This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification. This Protective Order shall not prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

13. <u>Destruction and Return of Designated Information and Continued Agreement to Confidentiality</u>: At the conclusion of this action, including any appeals, all Protected Information furnished pursuant to this Protective Order, and all copies thereof, shall be destroyed by counsel for the receiving party or parties. If requested, within five (5) business days of destruction, the receiving party shall provide the producing party with a certificate of destruction. Counsel for the receiving party or parties is entitled to keep copies of pleadings and correspondence used in this litigation in a secure storage area subject to the terms of this agreement. The provisions of this Protective Order restricting the disclosure, communication, and use of Protected Information produced hereunder shall continue to be binding after the conclusion of this action.

14. <u>No Judicial Determination</u>: This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated Protected Information by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

15. <u>Violation</u>: Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Protective Order.

The prevailing party shall recover its costs and reasonable attorneys' fees in connection with such application.

DATED: April 19, 2018         ZIPIN, AMSTER & GREENBERG, LLC

By: /s/ *[signature]*
Philip B. Zipin, Bar Number 367362
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
pzipin@zagfirm.com

Attorneys for Plaintiff
JOY PIVEC

DATED: April 26, 2018         PAUL HASTINGS LLP

By: /s/ Kenneth M. Willner
Barbara B. Brown, Bar No. 355420
Kenneth M. Willner, Bar No. 415906
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
barbarabrown@paulhastings.com
kenwillner@paulhastings.com

Attorneys for Defendant
HUBBARD RADIO WASHINGTON DC, LLC
d/b/a WTOP Radio

DATED: _____         SO ORDERED.

_____
Hon. Rudolph Contreras
U.S. District Court Judge

-11-