IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY PIVEC,<br><br>        Plaintiff,<br><br>v.<br><br>HUBBARD RADIO WASHINGTON DC, LLC,<br>d/b/a WTOP Radio,<br><br>        Defendant. | Civil Action No. 1:18-cv-00097-RC |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES FOR PLAINTIFF'S <u>REFUSAL TO TESTIFY AT DEPOSITION</u>**

I.    **<u>INTRODUCTION</u>**

      This Motion arises out of Plaintiff's refusal and failure to cooperate with and complete her deposition.  As set forth below, Defendant duly noticed Plaintiff's deposition for April 5, 2018.  Although Plaintiff appeared for her deposition on that date and began to testify, she refused to continue and left after only one and one-half hours, or less, of testimony.  Moreover, throughout the short period when she did testify, she failed and refused to answer questions and sought to evade questions.  Defendant's corporate representative, Brenda Smeby traveled from Minnesota to Washington, D.C. to participate in the deposition.

      Due to Plaintiff's refusal to testify and complete her deposition on April 5, 2018, Defendant was forced to re-notice and take Plaintiff's deposition on another date, two weeks later.  As a result, Defendant had to incur additional costs and fees, which it would not have incurred had Plaintiff completed her deposition on April 5, 2018, including but not limited to, duplicative deposition costs, duplicative out-of-pocket airfare and hotel expenses to have its

corporate representative travel and attend Plaintiff's deposition, duplicative deposition preparation fees, and fees in connection with bringing this Motion.

Plaintiff's failure to comply with her discovery obligations and complete her deposition on April 5, 2018, caused Defendant to waste considerable resources. Therefore, pursuant to Rules 30(d)(2) and 37(d) of the Federal Rules of Civil Procedure, Defendant now moves to recover its attorneys' fees and costs incurred in preparing for and traveling for Plaintiff's continued deposition and in connection with filing this Motion.

## II.     RELEVANT FACTUAL BACKGROUND

On February 12, 2018, Defendant noticed the deposition of Plaintiff for April 5, 2018, to take place at Defendant's counsel's office in Washington, D.C. On April 5, Defendant's counsel, a court reporter, and a videographer were present and prepared for a full-day deposition. Also present for Plaintiff's deposition was Brenda Smeby, Defendant's corporate representative. Ms. Smeby flew in from Defendant's corporate headquarters in St. Paul, Minnesota for the sole purpose of participating in Plaintiff's deposition. Plaintiff appeared for her deposition that morning, but after testifying for a mere one and one-half hours, or less, including breaks, she refused to continue and left the deposition. Plaintiff tried to justify her refusal to continue with the deposition on the ground that she was feeling "stressed" and therefore she could not recall facts. (Pl.'s Dep. 94:8-95:22.)[1] To that point, the deposition questioning had concerned minor, introductory matters, such as her prior employment before she worked for Defendant and the names of her medical providers.

Throughout the very short period when Plaintiff did testify on April 5, 2018, she was evasive and failed to answer basic background questions, in addition to arguing that she was

---

[1] Cited portions of Plaintiff's deposition transcript are attached as Exhibit A to the accompanying declaration of Kenneth M. Willner. The videotape of Plaintiff's deposition, indexed to the citations in this brief, are attached as Exhibit B to the declaration of Kenneth M. Willner.

unable to remember anything because she was "stressed." For example, when asked when she first started to see a medical provider, she would not answer as to whether she started to see her medical provider a month ago, or more than 30 years ago. (Pl.'s Dep. 62:5-63:12.) Also, when asked for the name of one of her doctors, she responded she had no recollection of how to spell it. When asked for her best approximation of the name, she responded, "Not right now. I'm extremely stressed." (Pl.'s Dep. 60:16-61:7.) Similarly, when asked for a general time frame as to when she worked for a specific employer, she responded, "I just told you I can't remember. I'm very stressed." (Pl.'s Dep. 75:17-76:6.)

Over and over again, Plaintiff's answers were evasive and not responsive to the question, and she had to be asked questions repeatedly. For example, when Plaintiff was asked *when* she first started to see a specific doctor, she answered that the doctor had moved. Defendant's counsel therefore had to ask again, "I want to direct you back to the question that I had asked you. When did you first see [the specific doctor]?" Plaintiff still failed to provide a responsive answer, and instead went on about who *else* she saw. Defendant's counsel thus asked a third time, "I want to direct you back to [my] question. When did you start to see [the specific doctor]?" Plaintiff again gave a non-responsive answer, this time about the doctor's first name. Defendant's counsel had to ask a fourth time, "When did you start to see [the specific doctor]?" Plaintiff then answered that she did not "recall the date." Suspecting more evasion, Defendant's counsel started a series of questions about approximately how long ago she started to see the doctor, to which Plaintiff provided answers ranging from "I don't know" to "She's been out of the loop for a year" to "I don't know" whether it was "more than 30 years ago." (Pl.'s Dep. 61:15-63:7.) Similarly, Plaintiff was evasive and refused to provide direct answers to Defendant's counsel's question about whether she had a producer in every job she worked at

prior to Defendant.  Defendant's counsel again had to ask the same question <u>four</u> times.  (Pl.'s Dep. 74:12-75:16.)  Likewise, when Plaintiff was asked, "[W]hat is it about media jobs that causes you so much stress?," instead of giving a responsive answer, she answered, "Because I had a great run, and this was my last job . . . ."  Therefore, Plaintiff had to be asked again: "Let me go back to [my] question.  What is it about specifically taking another media job that causes you stress?"  (Pl.'s Dep. 48:13-20.)  Similarly, when asked whether anyone *told* Plaintiff she could not seek employment in broadcasting, Plaintiff failed to provide a responsive answer, explaining instead that she did not get a certain job because she interviewed poorly.  Therefore, Defendant's counsel had to ask the question again.  (Pl.'s Dep. 49:22-50:13.)  Plaintiff's evasiveness and refusal to provide responsive answers went on throughout her truncated deposition.

Plaintiff's counsel stated on the record that Plaintiff could not answer questions and that she would not be able to complete her deposition.  (Pl.'s Dep. 96:19-97:15 ("I'd like her to answer the questions for you.  She's obviously not able to at this time."); 98:6-99:17 ("I think she's not able to continue today.").)  Plaintiff then left the deposition without answering any more questions at that time.  By virtue of her departure before the deposition was completed and her evasion of questioning while she was present, Plaintiff effectively failed to appear for her deposition.  She did not provide meaningful testimony due to her evasive answers, and she left before the deposition even got beyond preliminary background information.

As a result, Defendant was forced to notice Plaintiff's deposition for a second day, April 19, 2018, in the hopes that Plaintiff would cooperate then.  This required Defendant to incur considerable additional expenses and fees which it would not have incurred if Plaintiff had

cooperated with the deposition, and which were duplicative of the expenses and fees incurred for Plaintiff's first deposition.

- First, Defendant incurred duplicative costs of a court reporter and videographer as well as additional processing fees for the deposition transcripts of Plaintiff's deposition on April 19, 2018.

- Second, Defendant incurred duplicative out-of-pocket flight, hotel, taxi and other travel expenses for Ms. Smeby's travel from St. Paul, MN to Washington, D.C. to attend Plaintiff's deposition a second time for Plaintiff's continued deposition on April 19, 2018, after previously incurring expenses for Ms. Smeby's attendance on April 5 when Plaintiff failed to cooperate and left without completing her deposition.

- Third, Defendant incurred unnecessary duplicative attorneys' fees because its counsel had to spend additional time re-reviewing documents to prepare for Plaintiff's deposition on April 19, 2018.

- Finally, Defendant had to incur unnecessary attorneys' fees in connection with preparing and filing the instant Motion.

Plaintiff has not provided any medical documentation or any other support for her assertion that she was unable to testify or recall at her initial deposition session because of "stress." In fact, she admitted at the beginning of the April 5, 2018, session that there was no reason why she would not be able to testify truthfully. (Pl.'s Dep. 9:12-14 ("Is there any reason why you would not be able to testify truthfully today?  A.  No.")) Indeed, she expressed no such difficulties and answered more difficult questions in her April 19, 2018, session. Together with

her evasive behavior at the first deposition, this strongly suggests that the problem at the first deposition was an unwillingness to cooperate, not any real impediment to her ability to testify.

## III. ARGUMENT

Rule 37(d) of the Federal Rules of Civil Procedure permits the Court to order sanctions when a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). Although non-monetary sanctions for failure to appear are left to the Court's discretion, Rule 37(d) creates a presumption that monetary sanctions will be ordered, providing that "the court <u>must</u> require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). This rule "places an obligation on the Court to impose sanctions unless there is affirmative reason for not so doing." *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520-21 (D. Md. 1984) (noting the mandatory nature of Rule 37(d) sanctions). Similarly, Rule 30(d) of the Federal Rules of Civil Procedure permits the Court to enter a remedial order of expenses and attorneys' fees incurred by a party on a person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Here, as demonstrated above, Plaintiff left her deposition after merely one and one-half hours, and evaded questions in the short period before she left. In doing so, Plaintiff effectively failed to appear for her duly noticed deposition. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Plaintiff had no substantial justification for evading questions or for leaving her deposition. Although she purportedly refused to proceed with her deposition because she felt "stress," her testimony that there was no reason why she could not answer questions truthfully, her evasive

behavior in the first session, and her ability to testify two weeks later in response to more substantive questions, demonstrate that what happened on April 5, 2018, was merely evasion.

Courts have awarded monetary expenses where a party failed to appear at a deposition without substantial justification.  *See, e.g.*, *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520-21 (D. Md. 1984) (awarding fees incurred as a result of the plaintiff's failure to appear for her scheduled deposition); *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 28-23 (D.D.C. 2015) (awarding monetary sanctions against plaintiffs who failed to appear for depositions, stating that "declining to award any expenses would leave largely unpunished the unacceptable behavior of two plaintiffs who voluntarily invoked this Court's authority by joining this lawsuit"); *Covad Comms. Co. v. Revonet, Inc.*, 267 F.R.D. 14 (D.D.C. 2010) (awarding reasonable expenses, including attorneys' fees, associated with deponent's failure to appear for a duly noticed deposition, reasoning that "[s]anctions are appropriate when a party, after being served with proper notice, fails to appear for a deposition," and that "[f]ailure to appear 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order . . . .'").

Accordingly, Defendant respectfully suggests that Plaintiff and/or her counsel should be required to reimburse Defendant for the duplicative costs and attorneys' fees it had to incur as a result of Plaintiff's evasive answers and her abandoning the deposition after just one and one-half hours or less.  Defendant had to incur duplicative costs of a court reporter and a videographer for an additional day, as well as duplicative out-of-pocket flight, hotel and travel expenses to have its corporate representative travel from St. Paul, Minnesota to Washington, D.C. to attend a second day of Plaintiff's deposition.  Further, Defendant had to incur unnecessary duplicative attorneys' fees because its counsel had to spend additional time re-

reviewing documents to prepare for the continuation of Plaintiff's deposition, and to prepare and file the instant Motion.  All of these costs and fees could have and would have been avoided had Plaintiff cooperated in discovery by continuing with her deposition and provided complete, direct answers to questions instead of adjourning it prematurely.

Defendant is prepared to submit a declaration substantiating the amounts of those expenditures should the Court grant this Motion.

## IV.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion for sanctions be granted and that the Court order Plaintiff and/or her counsel to pay Defendant's attorneys' fees and costs incurred in connection with her failure to complete her deposition and preparation of this Motion.

Defendant requests a hearing on this Motion.

DATED:  May 22, 2018                                           PAUL HASTINGS LLP


By:   /s/ Kenneth M. Willner
     Barbara B. Brown, Bar No. 355420
     barbarabrown@paulhastings.com
     Kenneth M. Willner, Bar No. 415906
     kenwillner@paulhastings.com
     875 15th Street, N.W.
     Washington, District of Columbia  20005
     Telephone:  1(202) 551-1700
     Facsimile:   1(202) 551-1705

Attorneys for Defendant
HUBBARD RADIO WASHINGTON DC, LLC
d/b/a WTOP Radio