IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joy Pivec,<br><br>        Plaintiff,<br><br>    v.<br><br>Hubbard Radio Washington DC, LLC<br>d/b/a WTOP Radio,<br><br>        Defendant. | Civil Action No. 1:18-cv-00097-RC |

## **JOINT STATUS REPORT**

Pursuant to the Court's August 8, 2018 Order (Dkt. No. 21), Plaintiff Joy Pivec ("Plaintiff") and Defendant Hubbard Radio Washington DC, LLC d/b/a WTOP Radio ("Defendant" or "WTOP") (collectively the "Parties") submit this Joint Status Report to update the Court with respect to discovery related to Plaintiff's psychological and medical condition.

Following the discovery conference on August 8, 2018, on August 15, Plaintiff's counsel emailed Defendant's counsel the names and addresses of Plaintiff's insurance company, pharmacies, and four additional medical providers who previously were not disclosed. Plaintiff's counsel also provided some of Plaintiff's Explanation of Benefits (EOB) forms, which identified several other undisclosed medical providers. Plaintiff's counsel also provided her credit card and banking information, including credit card and bank account numbers and bank branches. Plaintiff's counsel stated that Plaintiff did not have calendar entries reflecting appointments for medical treatment, although he said Plaintiff did have calendar entries reflecting payment dates for "medical and other bills," Plaintiff did not disclose these calendar entries to Defendant. Plaintiff does not believe that these calendar entries were necessary to produce as her counsel now says, those entries do

1

not identify any relevant information.

Plaintiff's counsel also said on August 15 that he and/or Plaintiff has requested, and expects to receive, additional EOB forms from Plaintiff's insurer, credit card statements from one of Plaintiff's credit card companies, and bank records from her bank. Plaintiff's counsel said he would provide these records as soon as they are received. Defendant has not yet received any of these records. Plaintiff has informed her counsel that she believes those records were sent to her ex-husband's address through no fault of her own, and has been trying to have those records re-sent.

Additionally, Plaintiff's counsel informed Defendant's counsel that Plaintiff's divorce lawyer conducted a review of her divorce records. According to Plaintiff's counsel, the divorce lawyer said that the records discussed the "possible need for family therapy," and showed that Plaintiff was "referred for abuse counseling/domestic violence impact counseling," "participated in psychotherapy," and was "forced" to go to a "mental recovery rehab" only to discover that it was a heroin detox program, but there was no court-ordered mental health treatment. Plaintiff's counsel sent Defendant's counsel a PDF file containing a copy of the email that the divorce lawyer sent him explaining what he reviewed, and indicated that there were multiple court records that the divorce counsel attached to his email to Plaintiff's counsel. The attached court records related to the need for therapy and counseling. However, Plaintiff's counsel did not send Defendant's counsel any of the court records that the divorce lawyer attached to his email reflecting this information. Instead, Plaintiff's counsel identified an abuse counseling and domestic violence counselor, the name of the social worker who conducted a Child Access Evaluation, and a Florida detox center, and an otolaryngologist. Defendant's counsel requested a copy of the attached court records, explaining that the attachments clearly refer to Plaintiff's therapy and stress, and contain relevant information relating to Plaintiff's medical condition and alleged emotional

distress beyond simply the *identities* of her medical providers.  Plaintiff's counsel refused to provide any of the court records he received from the divorce lawyer.  Plaintiff's counsel stated essentially that Defendant was only entitled to the names of her medical providers and not to any other information or documents in the divorce proceeding relating to her alleged mental condition and/or emotional distress.

Plaintiff's counsel believes that he fully complied with the Court's Order.  Defendant disagrees and believes that much of the information Plaintiff's counsel said was relevant and said he would provide has not in fact been provided, and other relevant information, such as divorce records have been purposely withheld.

Defendant has subpoenaed relevant records from the insurance company, pharmacies, additional medical providers, and bank that Plaintiff disclosed.  To date, Defendant received responsive records from AFC Urgent Care, and responses from Advanced Radiology and Innsbrook Imaging Center indicating they do not have any records for Plaintiff.  Defendant has not yet received records and/or responses from Plaintiff's insurance company, two of Plaintiff's pharmacies, Plaintiff's bank, and four other medical providers including the counselor from whom she received psychotherapy during her divorce proceedings.

Defendant has also subpoenaed a narrow category of documents from Plaintiff's divorce lawyer seeking only court filings, court orders and other documents not subject to the attorney-client privilege or attorney work-product doctrine, relating to Plaintiff's medical condition or to any events which may have caused emotional distress for Plaintiff.  Defendant has not yet received records from Plaintiff's divorce lawyer.

Defendant expects to receive all responses and responsive documents to the subpoenas by the end of September and will produce such documents to Plaintiff.

To the extent Plaintiff designates these records as confidential under the Parties'

Protective Order and Confidentiality Agreement, Defendant agrees to treat them as confidential pursuant to the terms of the Protective Order and Confidentiality Agreement. (Dkt. No. 11.)

DATED:  September 10, 2018		ZIPIN, AMSTER & GREENBERG, LLC


					By:   /s/ Philip B. Zipin
					      Philip B. Zipin, Bar Number 367362
					      8757 Georgia Avenue, Suite 400
					      Silver Spring, Maryland 20910
					      (301) 587-9373
					      pzipin@zagfirm.com

					Attorneys for Plaintiff
					JOY PIVEC


DATED:  September 10, 2018		KAMEROW LAW FIRM, PLLC


					By:   /s/ Norman G. Schneider
					      Norman G. Schneider
					      4900 Leesburg Pike, Suite 310
					      Alexandria, Virginia  22302
					      (703) 370-8088
					      nschneider@kamerowlaw.com

					Attorneys for Plaintiff
					JOY PIVEC

DATED:  September 10, 2018            PAUL HASTINGS LLP

By:   */s/ Kenneth M. Willner*
    Barbara B. Brown, Bar No. 355420
    Kenneth M. Willner, Bar No. 415906
    Anna Kim, Bar No. 252566
    PAUL HASTINGS LLP
    875 15th Street, N.W.
    Washington, D.C. 20005
    Telephone: (202) 551-1700
    Facsimile: (202) 551-1705
    barbarabrown@paulhastings.com
    kenwillner@paulhastings.com
    annakim@paulhastings.com

Attorneys for Defendant
HUBBARD RADIO WASHINGTON DC, LLC
d/b/a WTOP Radio

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2018, I caused the above-captioned document to be served via ECF on the following:

Philip B. Zipin, Bar Number 367362
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
pzipin@zagfirm.com

Norman G. Schneider
KAMEROW LAW FIRM, PLLC
4900 Leesburg Pike, Suite 310
Alexandria, Virginia  22302
(703) 370-8088
nschneider@kamerowlaw.com

*Attorneys for Plaintiff*

                                          /s/Kenneth M. Willner
                                          Kenneth M. Willner
                                          Attorney for Defendant